IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

          Plaintiff,                        Criminal No. 15-0047
                                            ELECTRONICALLY FILED

   v.

MARY ANN STEWART,

          Defendant.


## FINAL JURY INSTRUCTIONS

### I.      General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select one member of

the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the Government has established all of the essential elements of any of the offenses charged. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict.  Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors.  Listen to each other carefully.  In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence.  But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the Bailiff, to me, or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone; a smart phone like Blackberries, Droids, or iPhones; a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the Bailiff. The Bailiff will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and the Bailiff will give your verdict in open court. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## II.     Evidence

### What is Evidence?

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

### Exhibits

Counsel for the Government and Defendant have agreed to the legal admissibility of various exhibits.  This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration.  This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

### Stipulations of Fact

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial.  You must treat any stipulations of fact as having been proved for the purposes of this case.

**What is Not Evidence?**

The following things are not evidence:

1.  The indictment.

2.  Statements, arguments, questions and comments by the lawyers are not evidence.

3.  Likewise, objections are not evidence. Lawyers have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4.  Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5.  Anything you saw or heard about this case outside the courtroom is not evidence. You must decide the case only on the evidence presented here in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Summaries – Underlying Evidence Admitted**

The Government presented certain charts and summaries in order to help explain the facts disclosed by the records and documents which were admitted as evidence in the case. The charts are not themselves evidence or proof of any facts.

If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

In this regard, you may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that something either did or did not happen. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced that the Government has proved all of the essential elements, beyond a reasonable doubt, for a specific offense before you could return a verdict of guilty on that offense.

**Bias, Sympathy And Prejudice**

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis of the evidence

or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

**Evidence Admitted for a Limited Purpose**

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

### III.    Credibility of Witnesses / Weight of Testimony in General

### In General

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to have observed the matters as to which he or she has testified, and whether he or she impressed you as having an accurate recollection of these matters.  Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Defendant's Choice to Testify (if applicable)**

~~In a criminal case, the Defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, Defendant testified. You should examine and evaluate her testimony just as you would the testimony of any witness.~~

**Inconsistencies or Discrepancies**

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness's testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you should

consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Not Required to Accept Uncontradicted Testimony

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

### Number of Witnesses Not Important

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

### IV.    Burden of Proof

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

Defendant pleaded not guilty to the offenses charged. Defendant is presumed to be innocent. She started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with Defendant unless and until the Government has presented evidence that overcomes that presumption by

convincing you that he is guilty of any of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that Defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find Defendant guilty of any of the offenses charged, the Government must convince you that Defendant is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of any of the offenses charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of any of the offenses charged, then you must return a verdict of not guilty on that offense.

### Not All Evidence, Not All Witnesses Needed

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses.

### Nature of the Indictment

As you know, Defendant is charged in the Indictment with violating federal law, specifically, committing health care fraud and false statements to the grand jury in violation of Title 18 United States Code Sections 1347 and 1623.  As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the Defendant is accused of committing.  An

Indictment is simply a description of the charges against a Defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that Defendant has been indicted in making your decision in this case.

**On or About**

You will note that the Indictment charges that the offenses were committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

**Separate Consideration - Single Defendant Charged with Multiple Offenses**

Defendant is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

## V.     Substantive Law

Now that I have instructed you on how to consider evidence and other general principles, I will instruct you on the substantive law to apply based upon the specific offenses charged.

### A.     The Statute Defining the Offense Charged – 18 U.S.C. §1347

Count One of the Indictment is brought under Section 1347 of Title 18 of the United States Code. This statute states, in relevant part:

> (a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice – (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned, or under custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services…(b) With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.

shall be guilty of an offense against the United States.

### 1.     Elements of 18 U.S.C. §1347 (Health Care Fraud)

In order for you to find the Defendant guilty of the crime charged in Count One of the Indictment, you must find that the Government has proven each of the following three elements beyond a reasonable doubt:

First: That Mary Ann Stewart knowingly devised or participated in a scheme to defraud  or obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of (victim entity or person) in connection with the delivery of or payment for health care benefits, items, or services;

Second: That Mary Ann Stewart acted with the intent to defraud; and

Third: That the victim entities were a public or private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual, and includes any individual or entity who was providing a medical benefit, item, or service for which payment may be made under the plan or contract.

If you are convinced beyond a reasonable doubt that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

(a)     **Health Care Fraud – "Intent to Defraud" Defined**

The second element that the Government must prove beyond a reasonable doubt is that Mary Ann Stewart acted with the intent to defraud (the victim entity or person).

To act with an "intent to defraud," means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Mary Ann Stewart acted with an intent to defraud, you may consider, among other things, whether Mary Ann Stewart acted with a desire or purpose to bring about some gain or benefit to herself or someone else at the expense of (the victim entity or person) or with a desire or purpose to cause some loss to (the victim entity or person).

### (b)    Health Care Fraud - "Health Care Benefit Program" – Defined

"Health care benefit program" is defined as any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

### (c)    Health Care Fraud - "Affecting Interstate Commerce" - Defined

The Government must prove beyond a reasonable doubt that the public or private plan or contract affected or could have affected interstate commerce. "Affecting interstate commerce" means any action, which in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.

**B.** **The Statute Defining the Offense Charged - 18 U.S.C. §1623**

Counts Two through Four of the Indictment are brought under Section 1623

of Title 18 of the United States Code.  This statute states, in relevant part:

> Whoever under oath … in any proceeding before or ancillary
> to any court or grand jury of the United States knowingly makes
> any false material declaration or makes or uses any other
> information, including  any book, paper, document, record,
> recording, or other material,  knowing the same to contain
> any false material declaration .  . .

shall be guilty of an offense against the United States.

**1.** **Elements of 18 U.S.C. §1623 (False Declarations before Grand Jury)**

In order for you to find the Defendant guilty of the crimes charged in Counts

Two through Four of the Indictment, you must find that the government has proven

each of the following four elements beyond a reasonable doubt:

First:   That on or about the date alleged in the Indictment, the Defendant

testified under oath before a Grand Jury of the United States.

Second:  That the Defendant made a false statement**.**

Third**:** That the Defendant made the false statement knowingly.  In other

words, the Defendant did not believe the statement to be true at the time it was

made.

Fourth:  That the statement was false as to a material matter.

If you are convinced beyond a reasonable doubt that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### (a)  False Declarations before Grand Jury - "Knowingly" - Defined

The offense of False Declarations before Grand Jury as charged in Counts Two through Four of the Indictment requires that the Government prove that Defendant, Mary Ann Stewart, acted "knowingly" with respect to the elements of the offenses. This means that the Government must prove beyond a reasonable doubt that Defendant, Mary Ann Stewart, was conscious and aware of the nature of her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Defendant, Mary Ann Stewart, acted "knowingly," you may consider evidence about what Defendant, Mary Ann Stewart, said, what Defendant, Mary Ann Stewart, did and failed to do, how Defendant, Mary Ann Stewart, acted, and all the other facts and circumstances shown by the evidence that may prove what was in Defendant, Mary Ann Stewart's, mind at that time.

The Government is not required to prove that Defendant, Mary Ann Stewart, knew her acts were against the law.

(**b**)  **False Declarations before Grand Jury - "Material" - Defined**

Testimony concerns a material matter if it is capable of impeding, interfering with or influencing the grand jury.  The Government is not required to prove that the testimony actually impeded, interfered with, or influenced the grand jury.

(**c**)    **Proof of Required State of Mind – Intentionally, Knowingly, Willfully: Generally**

The instructions refer to the states of mind of "intentionally," "knowingly," and "willfully."  Often the state of mind, that is the intent, knowledge, willfulness, or recklessness with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, Defendant's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine Defendant's state of mind, that is what Defendant intended or knew at a particular time, you may consider evidence about what Defendant said, what she did and failed to do, how she acted, and all the other facts and circumstances shown by the evidence that may prove what was in Defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts Defendant knowingly did, and whether it is reasonable to conclude that

she intended those results or consequences. You may find, but you are not required to find, that Defendant knew and intended the natural and probable consequences or results of acts she knowingly did. This means that if you find that an ordinary person in Defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Defendant did know and did intend that those consequences would result from her actions. This is entirely up to you to decide as the finders of the facts in this case.

### (d) Motive

Motive is not an element of the offense with which Defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that she is guilty and proof of good motive alone does not establish that she is not guilty. Evidence of Defendant's motive may, however, help you find her intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

## VI.    Process of Jury Deliberation

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

22

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize

the discussion.  Speak one at a time.  Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy. You will take the original verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the Bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations.  If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Bailiff who will bring it to my attention.  After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility.

You will note from the oath about to be taken by the Bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out].