**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **2:15-cr-47** |
| **v.** | ) | |
| | ) | |
| **MARY ANN STEWART,** | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Now pending are the GOVERNMENT'S MOTION FOR RECONSIDERATION OF MEMORANDUM ORDER RE: MOTIONS IN LIMINE (DOCUMENT 53) AS IT RELATES TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL RELATING TO ALLEGED INSTANCES OF UNAUTHORIZED EXPENDITURES OF CORPORATE MONEY (DOCUMENT 35) (*ECF No. 85*) and DEFENDANT'S MOTION FOR RECONSIDERATION (*ECF No. 87*). The parties have filed responses in opposition to the respective motions (*ECF Nos. 86, 89*) and they are ripe for disposition.

Defendant Mary Ann Stewart was the Chief Operating Officer for Horizons Hospice, LLC. She is charged in the indictment at Criminal Case No. 15-47 with one count of health care fraud, in violation of 18 U.S.C. § 1347. In essence, the government contends that from January 2008 through August 2012, Defendant submitted millions of dollars in false claims to Medicare and Medicaid for hospice care of persons who were not terminally ill. Stewart is also charged in Counts 2, 3 and 4 of the indictment with making false declarations before the grand jury, in violation of 18 U.S.C. § 1623.

This case was originally assigned to Judge Arthur J. Schwab of this Court. <u>All</u> pretrial issues were resolved, including voir dire, preliminary instructions, final jury instructions, the verdict slip, and rulings on motions in limine. Trial was scheduled to commence on November 2, 2015. The case was reassigned to this member of the Court on November 3, 2015. Trial is now scheduled to begin on March 14, 2016.

Among other pretrial rulings, on August 21, 2015 Judge Schwab denied Defendant's motion to dismiss counts 2 and 3 of the indictment (ECF No. 25), and on October 7, 2015 Judge Schwab granted Defendant's motion in limine to exclude evidence relating to alleged unauthorized use of corporate funds (ECF No. 53). The parties now ask this member of the Court to reconsider these rulings made by Judge Schwab.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision. Such motions are particularly disfavored when: (1) several months have passed since the challenged rulings; (2) the original trial date has elapsed; and (3) the only intervening event has been the reassignment of the case to a different judge.

The government has not attempted to overcome the high hurdle for reconsideration. Instead, it has merely rehashed and incorporated the arguments it originally presented to Judge Schwab (*compare* ECF Nos. 38 and 85). In the alternative, the government suggests that the Court should vacate the original ruling and reserve decision on the admissibility of the evidence until the midst of trial. The Court is not persuaded. Whenever possible, evidentiary rulings are made in advance to facilitate the efficient flow of evidence to the jury and to enable counsel to prepare their respective presentations. Accordingly, the parties filed motions in limine and Judge Schwab made rulings on the admission of evidence. Judge Schwab reasoned that evidence regarding uncharged, alleged corporate fraud was not intrinsic to the alleged Medicare/Medicaid fraud that is charged in the indictment; was improper character evidence under Rule 404(b); and failed the Rule 403 balancing test. The government has not convinced the Court that Judge Schwab's pretrial ruling should be reconsidered or vacated. If justified, however, the government may seek leave to introduce such evidence on rebuttal if Defendant "opens the door."

Defense counsel forthrightly admits in Defendant's Motion for Reconsideration that Judge Schwab's decision to deny the motion to dismiss counts 2 and 3 of the indictment "is most probably not subject to reconsideration" and explains that he filed the motion out of an abundance of caution. The Court agrees that Judge Schwab's decision to deny the motion to dismiss counts 2 and 3 of the indictment is not subject to reconsideration. As Judge Schwab stated in his August 21, 2015 Memorandum Opinion, a motion to dismiss tests the four-corners of the indictment and is not a mechanism to challenge the sufficiency of the evidence.

In accordance with the foregoing, the GOVERNMENT'S MOTION FOR RECONSIDERATION OF MEMORANDUM ORDER RE: MOTIONS IN LIMINE

(DOCUMENT 53) AS IT RELATES TO DEFENDANT'S MOTION IN LIMINE TO

EXCLUDE EVIDENCE AT TRIAL RELATING TO ALLEGED INSTANCES OF

UNAUTHORIZED EXPENDITURES OF CORPORATE MONEY (DOCUMENT 35) (*ECF*

*No. 85*) and DEFENDANT'S MOTION FOR RECONSIDERATION (*ECF No. 87*) are

**DENIED**.

SO ORDERED this 25TH day of January, 2016.


BY THE COURT:


s/  Terrence F. McVerry_____
Senior United States District Court Judge




cc:     **Robert S. Cessar, AUSA**
        Email: robert.cessar@usdoj.gov
        **Nelson P. Cohen, AUSA**
        Email: nelson.cohen@usdoj.gov

        **Robert E. Goldman, Esquire**
        Email: reg@bobgoldmanlaw.com